JAMES MYRES v. DAVID R. YAPLE.

[See 60 Mich. 339.]

*Promissory note—Payment by surety—Retention of title to property
sold as security—Subrogation.*

The Court held that the essential facts have not been changed, and
that the former opinion covers the whole ground, and must de-
cide the case as presented in the present record.

Error to Oceana. (Russell, J.) Argued February 8, 1887.
Decided April 14, 1887.

Replevin. Defendant brings error. Affirmed. The facts
are stated in the opinion, and in the former report of same
case, found in 60 Mich. 339.

*James Brassington,* for appellant.

*L. G. Rutherford,* for plaintiff.

SHERWOOD, J. In this case the plaintiff brought replevin
against the defendant to recover the possession of a carriage,
to which he claimed to be entitled under the following cir-
cumstances: On the fourth day of September, 1882, Bailey
& Cahill sold to I. C. Hulbert the carriage in question, for
which Hulbert gave the following note, signed by himself and
Myres:

"$90.00. HART, MICHIGAN, September 4, 1882.
"On or before the fourth day of May, 1883, for value
received, I promise to pay Bailey & Cahill, or order, ninety
dollars, with interest at the rate of ten per cent., payable
monthly, ten dollars per month, payable at Hart. In case
the above note is not paid at maturity at the place the same
is made payable, then and in such case, for and in considera-

tion of the trouble and expense that said Bailey & Cahill are put to by reason of their being obliged to press collection thereof and taking the necessary steps therefor, together with their disbursements so occasioned by my delay, I hereby agree to pay them the sum of ten dollars as damage occasioned by such neglect, and interest thereon from the maturity of such note at the rate of ten per cent. per annum. And it is further agreed that the title to the carriage of Schofield, and for which this note is given, shall remain in said Bailey & Cahill until the note is fully paid."

Upon the back of this note was indorsed, when the suit was brought, the following sums: $6.50, $9.00, and "$50.00; note of D. R. Yaple."

Myres was a surety upon the paper. Hulbert failed to pay the note when due, and delivered up the property to Bailey & Cahill, and they resold the same to the defendant for the sum of $50, with the consent of Hulbert, who was given credit on the note signed by the plaintiff for the same; but the surrender of the property by Hulbert, the sale of the same to Yaple, and the indorsement made of the amount for which it was sold upon the note, by Bailey & Cahill, all occurred without the knowledge of, or any consultation with, the plaintiff. After the amount for which the property was sold by Bailey & Cahill had been indorsed, there still remained due upon the note made by Hulbert and the plaintiff about $35. This the plaintiff was obliged to pay, and did pay, and took up the note. The plaintiff then went to Mr. Yaple, and demanded the carriage, and, on being refused, he again demanded the carriage, or pay for the moneys he had been obliged to pay on the note. The defendant refused to do either, and thereupon the plaintiff brought this suit before a justice of the peace, where the cause was tried, and an unsatisfactory result reached. The case was then appealed by the aggrieved party to the circuit court for the county of Oceana, where the cause was again tried before a jury, and the defendant had judgment. The plaintiff brought the case to this Court by writ of error. The judgment at the circuit was

reversed, and a new trial granted. That trial has been had, and the plaintiff recovered; the circuit judge instructing the jury that, upon the undisputed facts, the plaintiff is entitled to recover, and judgment was so entered. The case is again before us for review. We do not think the essential facts in the case have been changed. The former opinion covers the whole ground, and must decide the case as we find it in this record. See 60 Mich. 339. We have nothing to add to what was there said. The plaintiff, when he paid the note and it was surrendered to him, succeeded to all the rights of Hulbert, and it would be a strange doctrine indeed that would deprive either of the makers of the note, under the circumstances in this case, from the right to redeem the property by paying up the note. There was no provision for forfeiting the property on default in making payment. The contract under which the property was sold only allowed Bailey & Cahill to retain the title to the property until payment was made, and of this fact the defendant had full knowledge. The direction given by the circuit judge was correct, and must be affirmed.

The other Justices concurred.